UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL S. COLLINS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00251-JRS-MJD |
| | ) |
| CHRISTOPHER HOLCOMB, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS, DISMISSING ACTION WITH PREJUDICE, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Presently pending is Defendants' motion for sanctions against Plaintiff for his attempts to defraud the Court. Dkt. 75. For the reasons below, Defendants' motion, dkt. [75], is **GRANTED**. Additionally, this action is **DISMISSED** with prejudice, and any pending motions, dkts. [66], [76], are **DENIED** as moot.

**I. Background**

On June 7, 2024, Defendants filed a motion for summary judgment on Plaintiff's claims against them. Dkt. 66. Plaintiff filed a response brief on July 2, 2024, dkt. 70, along with his designation of evidence, dkt. 71, and several exhibits in support of his response, dkt. 72. In lieu of a reply brief, Defendants subsequently filed a motion for sanctions against Plaintiff based on the allegedly fraudulent content within his exhibits filed at Docket No. 72. *See* dkt. 75. In support of their sanctions motion, Defendants filed affidavits from Wabash Valley Correctional Facility ("WVCF") Litigation Liaison Michael Ellis and former Behavioral Health Specialist Kristina Decker attesting that the exhibits adduced by Plaintiff in opposition to their motion for summary judgment include several forged documents. *See* dkt. 72. Specifically, Ms. Decker attests that the documents purportedly bearing her signature were neither prepared nor signed by her and include

a title (LMHC) that she never used during her time at WVCF. Dkt. 75-2 at 2. Mr. Ellis further attests that the Request for Health Care Forms signed "J. Scott" have dates preceding Registered Nurse Jodi Scott's hire by Centurion, do not bear any "RECEIVED" stamp, and are not located in Plaintiff's healthcare records maintained at WVCF. Dkt. 75-1 at 2-3. Defendants seek dismissal of this action with prejudice as a sanction for Plaintiff's fraudulent conduct. Dkt. 76 at 5. Plaintiff has filed no response to Defendants' motion for sanctions.

## II. Legal Standard

"District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S.Ct. 1178, 1186 (2017) (internal citations omitted). Such sanctions can include dismissal, monetary fines, and the imposition of a filing bar to restrict a plaintiff's ability to file new lawsuits. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995); Fed. R. Civ. P. 11. A filing bar, however, must be tailored to the misconduct. *Henry v. United States*, 360 F. App'x 654, 656 (7th Cir. 2010).

The "requirements of due process of law are applicable to a proceeding to impose sanctions, entitling a party or attorney to notice and opportunity to respond." *Kapco Mfg. Co. v. C & O Enterprises*, 886 F.2d 1485, 1494 (7th Cir. 1989). The right to a hearing, however, "is obviously limited to cases where a hearing could assist the court in its decision." *Id.*

## III. Discussion

Based on the undisputed affidavits provided by Defendants, the Court finds that Plaintiff forged ten (10) Health Care Request forms and two (2) Requests for Interview forms to support

his summary judgment response in this case. *See* dkt. 75 at 2-4 (identifying the forged documents filed by Plaintiff at Docket No. 72). "Perjury committed in the course of legal proceedings is a fraud on the court, and it is arguable that a litigant who defrauds the court should not be permitted to continue to press his case." *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003); *see e.g.*, *Neal v. LaRiva*, 765 F.3d 788, 790 (7th Cir. 2014) (after plaintiff repeatedly filed fabricated documents, Seventh Circuit affirmed and imposed sanctions of dismissal with prejudice, monetary fines, and restrictions from filing any papers); *Jackson v. Murphy*, 468 F. App'x 616, 620 (7th Cir. 2012) (finding sanction of dismissal was "entirely warranted" where plaintiff perjured himself and forged a critical document to support his case). "It is beyond question that a court may dismiss a case with prejudice as a sanction in an appropriate case." *Hughes v. Anderson*, 829 F. App'x 724, 726 (7th Cir. 2020) (internal quotation omitted). Moreover, it is fundamental that litigants are not entitled to "one free opportunity to defraud the court." *Martin v. Redden*, 34 F.4th 564, 567 (7th Cir. 2022). Therefore, the Court finds that as a sanction for Plaintiff's misconduct, this action should be dismissed with prejudice. *See Ayoubi v. Dart*, 640 F. App'x 524, 528-529 (7th Cir. 2016) ("[D]ismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.").

The Court also finds that combining a monetary fine with a temporary filing ban is appropriate. In this case, the filing ban is appropriate because Plaintiff has engaged in abusive litigation practices, specifically his misrepresentations to the Court. Further filings should not be accepted under these circumstances. An appropriate sanction under these circumstances is to order Plaintiff to pay a fine in the amount of One Thousand Dollars ($1,000.00). Until he pays this fine, the Clerk of this Court is **ordered** to return unfiled any papers in civil litigation that Plaintiff submits to this Court, with the exception of a Notice of Appeal and habeas cases. *See Thelen v.*

*Cross*, 656 Fed. Appx. 778 (7th Cir. 2016) (imposing filing ban and citing *Mack*, 45 F.3d 185). After two years, Plaintiff may seek modification or rescission of this Order. *Mack*, 45 F.3d at 187 ("Perpetual orders are generally a mistake.").

The Court has considered and decided against the more severe sanction of restricting Plaintiff from filing future civil cases. Instead, this intermediate sanction of a monetary fine and temporary filing ban gives Plaintiff an opportunity to continue litigating if he pays the fine. The sanctions imposed will protect the Court's resources and other parties from Plaintiff's abusive litigation practices.

### IV. Conclusion

For the reasons above, Defendants' Motion for Sanctions, dkt. [75], is **GRANTED**. Consistent with this ruling, Defendants' motion for summary judgment, dkt. [76], and motion to stay summary judgment briefing, dkt. [66], are **DENIED** as moot. This action is **DISMISSED** with prejudice. Plaintiff Michael S. Collins, Sr., is barred from filing any papers in this Court (with the exception of habeas cases and a Notice of Appeal) until he pays One Thousand Dollars ($1,000.00). After two years, Plaintiff may seek modification or rescission of this Order.

Final judgment consistent with this order shall now issue.

**IT IS SO ORDERED**.

Date: 2/6/2025

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

MICHAEL S. COLLINS, SR.
966869
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838